# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 6, 2017

**LETTER OPINION**

<u>VIA CM/ECF</u>
All counsel of record

Re:   *Robert Astacio, II v. East Brunswick High School, et al.*
      Civil Action No. 16-938 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants East Brunswick High School, Omar Beltran, Sarah Demagio-Forte, Eieana Knable, and Audrey Nelson's (collectively, "Defendants") Motion to Dismiss Counts Three and Four of Plaintiff Robert Astacio, II's ("Plaintiff") Amended Complaint. (ECF No. 22.) Plaintiff failed to file timely opposition. Accordingly, the Court provided Plaintiff with an additional opportunity to file opposition and Plaintiff complied with the Court's order. (ECF No. 26.) Defendants filed a reply. (ECF No. 28.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motion to Dismiss is GRANTED.

Defendants seek dismissal of Count Three—violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*—and Count Four—Punitive Damages. The Court dismissed the same causes of action upon Defendants' prior motion to dismiss. (Oct. 18, 2016 Order, ECF No. 16.) In the Court's bench decision, the Court dismissed Count Three, with respect to allegations of discrimination based on religion and ancestry, because "Plaintiff . . . failed to plead enough facts to create an inference of discrimination based on his religion and ancestry." (Oct. 13, 2016 Oral Argument Tr. ("Oct. 13, 2016 Tr.") 32:16-18, ECF No. 23.) Plaintiff now re-pleads the same allegations of discrimination under NJLAD, and has failed to make any changes to his pleading beyond superficial changes to the conclusory language from the original Complaint. (*Compare* Am. Compl., ECF No. 21, *with* Compl., ECF No. 1.) Accordingly, Plaintiff again fails to plead sufficient allegations to create an inference of discrimination under NJLAD and the Court dismisses Count Three of the Amended Complaint.

With respect to Count Four, the Court similarly dismissed the same cause of action upon Defendants' prior motion to dismiss. (Oct. 18, 2016 Order.) The Court reasoned that punitive damages do not constitute "a substantive cause of action in and of themselves." (Oct. 13, 2016 Tr. 33:4-8.) Despite the Court's reasoning, Plaintiff re-pleads a separate cause of action for punitive damages. (Am. Compl. ¶¶ 75-76.) Moreover, Plaintiff states in his Opposition Brief: "[t]o the extent that punitive damages are redundant, Plaintiff does not object to withdrawing Count Four

to the extent it is not inconsistent with the remaining counts and claims." (Pl.'s Opp'n Br. 6, ECF No. 26.) Accordingly, the Court dismisses Count Four of the Amended Complaint.

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. An order consistent with this Letter Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**